UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ryan William Carpenter,

    Plaintiff,

v.                                 **MEMORANDUM OPINION AND ORDER**
                                      Civil No. 12-1334 (MJD/SER)

Eric Willems, individually and in
his official capacity, and the City
of St. Paul, a municipal corporation,

    Defendants.

_____

    Robert D. Boedigheimer, Boedigheimer Law Firm, P.A., Counsel for Plaintiff.

    Lawrence J. Hayes, Jr., Assistant City Attorney, Counsel for Defendants.

_____

This matter is before the Court on Defendants' motion to dismiss pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

## I.    Factual Allegations

Plaintiff was hired by the City of St. Paul for its COMET Project in October 2008 as an IS Info Tech I/business analyst on a temporary, part-time basis. (Complaint ¶ 4.) His original schedule was half-days, five days per week. (Id. ¶ 4.) The COMET Project Director is Defendant Willems. (Id. ¶ 5.)

Plaintiff later began working full-time, and began to receive benefits, including health insurance. (Id. ¶ 7.) From 2009 through 2011, he worked more than 1040 hours per year. (Id. ¶ 10.) At all material times, Plaintiff also paid union dues to AFSCME. (Id. ¶ 12.) In January 2011, he was told that he would be working "out of title" with duties and responsibilities similar to that of an IS Systems Consultant I. (Id. ¶ 14.)

On January 9, 2012, without any prior notice, Plaintiff was informed that his employment had been terminated. (Id. ¶ 17.) Plaintiff inquired as to his rights, to which Defendant Willems replied he had no rights. (Id.) Prior to January 9, 2012, Plaintiff was provided no notice that his employment would be terminated. (Id. ¶ 18.)

In his Complaint, Plaintiff asserted three claims against Defendants Willems, the City of St. Paul and AFSCME: violation of constitutional rights pursuant to 42 U.S.C. § 1983, failure to provide notice of termination in violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and failure by AFSCME to file a grievance on his behalf in violation of the LMRA. Plaintiff has moved to voluntarily dismiss AFSCME as a defendant, and has moved to voluntarily dismiss Counts II and III. The Court granted the motions and the

only claim remaining is Count I, violation of Section 1983 claim asserted against Defendants Eric Willems and the City of St. Paul (collectively referred to herein as the "City").

## II.     Standard

Under Fed. R. Civ. P. 12(b)(6), a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted.  In reviewing a motion to dismiss, the Court takes all facts alleged in the complaint to be true.  Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court may consider any document that is incorporated in the complaint by reference. Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1063, n. 3 (8th Cir. 2005) (court found that examination of a press release was proper in

considering motion to dismiss "even though it was not expressly part of the pleadings, because it was incorporated into the pleadings by reference-the complaint specifically mentioned it as a ground for [plaintiff]'s claims against [defendants]).

### III.   Section 1983 Claim

In Count I, Plaintiff asserts that he was a public employee as defined by Minnesota Statute § 179A.03, Subd. 14, and that he was deprived of his protected property interest in employment when the City terminated his employment without prior notice and an opportunity to meaningfully respond before termination, as provided in the City's Civil Service Rules.

To state a claim for violation of procedural due process, Plaintiff must show that he had a property interest in his employment and that state action deprived him of that protected interest. Phillips v. State, 725 N.W.2d 778, 782 (Minn. Ct. App. 2007). "A property interest in continued employment cannot arise from a unilateral expectation; rather, an individual must have a legitimate claim of entitlement to it." Geddes v. Northwest Missouri State Univ., 49 F.3d 426, 429 (8th Cir. 1995). Such legitimate claims "are created and their dimensions are defined by existing rules or understandings that stem from an independent

source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Roth 408 U.S. at 577.

The City argues that Plaintiff did not have a protected property interest in his employment, as he was a provisional employee. In support, the City has submitted a form, signed by Plaintiff and dated March 25, 2010, entitled "Information for Provisional Employees." (Hayes Aff. Ex. 1.) As discussed above, the Court may only consider documents referenced in the Complaint when addressing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The "Information for Provisional Employees" was not referenced in the Complaint, therefore the Court will not consider it when determining the merits of the instant motion.[1]

The Court has reviewed the Complaint and finds that Plaintiff has sufficiently alleged a protected property interest in his employment with the City, and that he was deprived of that interest by the City.

In Count I, Plaintiff also asserts that he was denied substantive due process when he was terminated without prior notice, an opportunity to be heard and

---

[1] The City's argument that Plaintiff was a provisional employee, and therefore had no protected property interest in his employment with the City, is one that should be included in a motion for summary judgment.

5

without a hearing. Plaintiff asserts this claim arises under the contractual agreements provided in the CBA.

To establish a substantive due process violation, Plaintiff must demonstrate that he possessed a right arising under the Fourteenth Amendment and that the City deprived Plaintiff of that right within the meaning of the Due Process Clause. Ganley v. Minneapolis Park and Recreation Bd., 491 F.3d 743, 749 (8th Cir. 2007). "To meet this burden, the appellants 'must demonstrate that the government action complained of is truly irrational, that is something more than … arbitrary, capricious, or in violation of state law.'" Id. (quoting Klein v. McGowan, 198 F.3d 705, 710 (8th Cir. 1999)).

In reviewing the Complaint, the Court finds that Plaintiff has failed to include any allegations which demonstrate outrageous or truly irrational behavior by a state actor. Accordingly, the Court finds that Plaintiff has failed to state a claim for violation of substantive due process.

IT IS HEREBY ORDERED that the City's Motion to Dismiss [Doc. No. 2] is DENIED in part and GRANTED in part as follows: To the extent Plaintiff asserts a claim for violation of procedural due process, the motion is denied; to the

extent Plaintiff asserts a claim for violation of substantive due process, the motion is granted.

Date:  January 24, 2013                             s/ Michael J. Davis
                                                    Michael J. Davis, Chief Judge
                                                    United States District Court

Civil No. 12-1334