UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ryan William Carpenter,

    Plaintiff,

v.

                          **MEMORANDUM OPINION**
                              **AND ORDER**
                        Civil No. 12-1334 (MJD/SER)

Eric Willems, individually and in
his official capacity, and the City
of St. Paul, a municipal corporation,

    Defendants.

_____

    Rene J. L'Esperance, L'Esperance Law LLC, Counsel for Plaintiff.

    Lawrence J. Hayes, Jr., Assistant City Attorney, Counsel for Defendants.

_____

    This matter is before the Court on Defendants' motion for summary judgment.

**I.    Factual Allegations**

    Plaintiff was hired by the City of St. Paul for its COMET Project in October 2008 as an IS Info Tech I/business analyst on a temporary, part-time basis. (Hayes Aff. Ex. 1.) In March 2010, Plaintiff began working full-time on a provisional basis. (Id.) A provisional appointment is made when the City does not have a list of qualified persons who have passed an examination for the

1

position, and the vacancy is such that the department cannot reasonably wait for an examination to be held before securing an employee.  (Id. Ex. 2.)   Prior to commencing his provisional appointment, Plaintiff was given a form to read and sign that listed the nature and characteristics of provisional employment with the City.  (Id.)  The form provides that a provisional appointment may last only until the vacancy can be filled from a list of persons who have passed an examination for the position; that performing work as a provisional employee will not give that person any preference when an examination is announced; provisional employees can earn sick leave and vacation credits, and the time they work "is credited toward increases if a regular appointment follows the provisional employment."  (Id.)   Finally, the form notifies provisional employees that they "are hired on an at-will basis, which means that either the employee or the City may terminate employment at any time for any reasons or no reason."  (Id.) Plaintiff signed this form on March 25, 2010.  (Id.)

When a provisional appointment is approved pursuant to the City's Civil Service Rules, the Human Resources Director "shall, except in special cases, schedule an examination for such position." (Id. Ex. 4 (Civil Service Rules § 11 at 21.)  The City asserts that the COMET Project for which Plaintiff was hired was

temporary in nature and thus a "special case" as referred to in Section 11 of the Civil Service Rules. (Schmidt Aff. ¶ 7.)

The City of St. Paul has entered into a collective bargaining agreement ("CBA") with the American Federation of State, County and Municipal Employees ("AFSCME"). (Hayes Aff. Ex. 3.) The CBA provides that the covered bargaining unit includes the position of IS Information/Technical Analyst I - the position for which Plaintiff was hired. The CBA provides for the sole and exclusive procedures for processing grievances of covered employees. (Id. at § 6.3.) Plaintiff testified that he paid union dues for the entire time he worked for the City, although he paid less when he was a temporary employee. (Id. Ex. 6 (Plaintiff Dep. at 8).)

On January 9, 2012, Plaintiff was called to the office of Defendant Eric Willems, COMET Project Director. (Id. Ex. 6 (Plaintiff Dep. at 11).) At that meeting, Plaintiff was told that because of budget cuts, they no longer needed Plaintiff on the COMET Project. (Id. at 12.) He was told to turn in his badge immediately, and to clean out his desk. (Id.) Plaintiff later received a letter from Willem which stated that in accordance with Rule 11 of the Civil Service Rules, his provisional employment as an IS System Consultant I had ended, effective

January 9, 2012.  (Id. Ex. 5.)  Following his termination, Plaintiff requested AFSCME to file a grievance on his behalf, but AFSCME did not do so because of the fact that Plaintiff was a provisional employee.  (Id. Ex. 6 (Plaintiff Dep. at 43).)

Plaintiff brought this action originally against the City of St. Paul, Willems and AFSCME asserting three claims: violation of constitutional rights pursuant to 42 U.S.C. § 1983, failure to provide notice of termination in violation of the Labor Management Relations Act ("LMRA"),  29 U.S.C. § 185, and failure by AFSCME to file a grievance on his behalf in violation of the LMRA.  Plaintiff thereafter voluntarily dismissed AFSCME as a defendant, and Counts II and III.  The only claim remaining is Count I, a procedural due process claim under Section 1983 asserted against Defendants Willems and the City of St. Paul (collectively referred to herein as the "City").

## II.     Summary Judgment

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party seeking summary judgment bears the burden of showing that there is no disputed issue

of material fact.  Celotex, 477 U.S. at 323.  "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case."  Amini v. City of Minneapolis, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 252 (1986)).

### III.  Section 1983 Claim

In Count I, Plaintiff asserts that he was a public employee as defined by Minnesota Statute § 179A.03, Subd. 14, and that he was deprived of his protected property interest[1] in employment when the City terminated his employment without prior notice and an opportunity to meaningfully respond before termination, as provided in the City's Civil Service Rules.

To state a claim for violation of procedural due process, Plaintiff must show that he had a property interest in his employment and that state action deprived him of that protected interest.  Phillips v. State, 725 N.W.2d 778, 782 (Minn. Ct. App. 2007).  "A property interest in continued employment cannot arise from a unilateral expectation; rather, an individual must have a legitimate

---

[1]In his Complaint, Plaintiff had also asserted a substantive due process violation.  In response to Defendants' motion to dismiss, this Court found that Plaintiff had not stated a substantive due process claim, and therefore granted Defendants' motion in part.

5

claim of entitlement to it." <u>Geddes v. Northwest Missouri State Univ.</u>, 49 F.3d 426, 429 (8th Cir. 1995). Such legitimate claims "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." <u>Bd. of Regents of State Colleges v. Roth</u> 408 U.S. 564, 577 (1972); <u>see also</u> <u>Otto v. City of Victoria</u>, 834 F. Supp.2d 912, 919 (D. Minn. 2011) (finding that merely being a public employee does not create a property interest without some contractual or statutory basis).

The Court finds that Plaintiff did not have a protected property interest in his employment as he was a provisional employee. It is undisputed that he signed and dated the form which listed the conditions of his employment as a provisional employee. (Hayes Aff. Ex. 2.) This form specifically provides that such employment is at-will, and that the employment could be terminated at any time, and for any reason or no reason. (<u>Id.</u>)

The City demonstrated that to become a permanent employee with the City, Plaintiff had to test for an open position, be listed on a list of employees who are available for permanent employment and then to have them chosen from the list. (<u>Id</u>. Ex. 4 (Civil Service Rules §§ 5-8).) Plaintiff did not follow these

procedures. Instead, he argues that as he was working full time, had worked over 1040 hours per year the entire time he worked for the City, and was a member of AFSCME, he was actually a full-time permanent employee pursuant to the City's Civil Service Rules ("Rules"). Plaintiff asserts that these Rules provide that temporary employees may not work more than 1040 per year. (Id. Rule 12.) Because he was working in excess of 1040, he would no longer be considered a temporary employee under the Rules.

The Rule cited by Plaintiff does limit the number of hours a temporary employee make work per year, but the same Rule provides that temporary workers may exceed 1040 hours per year if the Human Resources Director approves such an extension prior to the use of the full 1040 hours. (Id.) In this case, the City presented evidence that the City's Human Resources Manager approved the request to allow Plaintiff to work more than 1040 hours per year, and that such request was made prior to the use of the full 1040 hours. (McKeown Aff. ¶¶ 2, 3, Ex. A.)

Plaintiff further argues the City strictly prohibits temporary employees from working "out-of-title." (Boedigheimer Aff. Exs. 1, 2.) Plaintiff does not explain what work he performed "out-of-title" however. In his Complaint, he

alleges only that in January 2011 he was told he would be working "out-of-title" with duties akin to an IS Systems Consultant I.  At his deposition, Plaintiff could only recall that in January 2011, his supervisor Paul Strong told him because he was doing a good job, they created a position for him.  (Hayes Aff., Ex. 6 (Plaintiff Dep. 9).)  Plaintiff believed it was a promotion as he was getting more salary.  (Id. 10.)  He further believed after that time, he began to receive benefits.  (Id.)  Plaintiff has not submitted any evidence to support his belief that he became a permanent employee when he received a raise in wages.  Rather, Plaintiff's employment records at the City list Plaintiff as having the same job title throughout his employment with the City.  (Id. Ex. 1.)  Without more, Plaintiff has not demonstrated that he had a property interest in his job with the City.  See Geddes, 49 F.3d at 429 ("A property interest in continued employment cannot arise from a unilateral expectation; rather, an individual must have a legitimate claim of entitlement to it.")

The CBA further defines work "out of classification" as "an assignment of an employee to perform, on a full-time basis, all of the significant duties and responsibilities of a position different from the employee's regular position, and which is in a classification higher than the classification held by such employee."

(Id. Ex. 3 Art. 11.) Plaintiff has provided no evidence that he actually performed work different than the IS Info/Tech Analyst I.

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [Doc. No. 40] is **GRANTED**. This matter is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Date: September 15, 2014

s/ Michael J. Davis<br>
Michael J. Davis<br>
Chief Judge<br>
United States District Court